# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**THEODORIC B. LAWTON,**

        **Petitioner,**

v.                                                                               **No. 22-CV-086-JFH-KEW**

**CARRIE BRIDGES, Warden,**

        **Respondent.**

## OPINION AND ORDER

This action is before the Court on Respondent Carrie Bridges' ("Bridges") motion to dismiss Petitioner Theodoric B. Lawton's ("Lawton") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Dkt. No. 7.  Lawton is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma.  He is attacking his conviction and sentence in Carter County District Court Case No. CF-2010-113 for Shooting with Intent to Kill.

Lawton raises the following grounds for habeas corpus relief:

I.      Oklahoma Lacked Jurisdiction.

II.    As the State Court did not use 18 USC §§ 1152, 1153 to establish Jurisdiction for the Indian defendant or Victim, they would have committed "{Racial-Prejudicing}," thereby fulfilling the requirement for the Strickland v. Washington--(1984), for The United States Supreme Court's "{Ineffective Assistance of Counsel}," as well as the defense Attorney did not raise the issue as well, committing Ineffective Assistance of Counsel, violating Petitioner's 4th, 5th, 6th, 14th Amendments Rights, to an Fair Trial.

III.   States Violation of United State Constitutional, Amendment VI Right to Speedy Trial, by denial of "Federal Speedy Trial Act, 18 U.S.C.A. §§ 3161-74."

Dkt. No. 1 at 5, 7-8 (spelling and syntax in original).

In support of his claims, Lawton asserts he has "some Indian Blood, and that his crime "was within 18 U.S.C. § 1151's Indian Country." *Id*. at 5. He, however, provides no support for either claim.

Bridges filed a motion to dismiss the petition as time-barred, or in the alternative, for failure to exhaust necessary state remedies. Dkt. No. 7. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that on April 25, 2011, Lawton was convicted in Case No. CF-2010-113 following a jury trial of the crime of Shooting with Intent to Kill and sentenced to forty (40) years' imprisonment. Dkt. No. 8-1. On June 13, 2012, the judgment and sentence were affirmed by the Oklahoma Court of Criminal Appeals ("OCCA") in Case No. F-2011-330. Dkt. No. 8-3.

On October 18, 2012, Lawton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court's Case No. CIV 12-430-RAW-KEW. Dkt. No. 8-4. The petition was dismissed on September 17, 2017, for Lawton's failure to exhaust state remedies. Dkt. No. 8-5.

On September 11, 2013, Lawton filed an application for post-conviction relief in state district court, which was denied on September 13, 2013, alleging juror misconduct, insufficient evidence, and ineffective assistance of appellate counsel. Dkt. No. 8-6. Lawton appealed the state district court's denial of his application [Dkt. No. 8-7], and the OCCA reversed the decision and remanded the matter in Case No. PC-2013-1001 on March 27, 2014 [Dkt. No. 8-8], to consider Lawton's claim of ineffective assistance of appellate counsel. On remand, however, the state district court again denied the application. Dkt. No. 8-2 at 15. The OCCA affirmed the state district court's denial of post-conviction relief on July 9, 2014, in Case No. PC-2013-1001. Dkt. No. 8-9.

On October 7, 2019, Lawton filed a second application for post-conviction relief and a request for an evidentiary hearing, raising claims of prosecutorial misconduct and ineffective assistance of appellate counsel. Dkt. Nos. 8-10, 8-11. The application was denied by the state district court on November 13, 2019 [Dkt. No. 8-12]. Lawton appealed the decision [Dkt. No. 8-13], and the OCCA affirmed the denial of relief on May 14, 2020, in Case No. PC-2020-23 [ Dkt. Nos. 8-13, 8-14].

Bridges maintains that Lawton has not presented any of his habeas claims to any state court, and he should be required to return to state court to fully exhaust his state court remedies with respect to those claims. Dkt. No. 8 at 11.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners to 'exhaus[t] the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn v. Ramirez*, __ U.S. __, 142 S.Ct. 1718, 1724 (2022). This requirement is codified at 28 U.S.C. § 2254(b)(1)(A), which provides, "An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available

in the courts of the State." The exhaustion doctrine expresses a policy of federal-state comity. Its purpose is to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (citation omitted).

The "'petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*,23 F.3d 292, 300 (10th Cir. 1994)); *see also Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (same). The Tenth Circuit has explained the exhaustion requirement as follows:

> In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress. The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

Lawton presents no argument in his petition or his "response" to the motion to dismiss addressing his failure to fully exhaust his state court remedies. In his "response" to the motion, he merely complains that the State failed to disclose the judge's, prosecutor's and defense counsel's lack of licenses to practice law in Indian Country. Dkt. No. 9. He does not present any evidence that such license is available or required.

The exhaustion requirements under 28 U.S.C. § 2254 contain no exception for "jurisdictional" claims. *See, e.g., Pitts v. Crow*, No. CIV-21-194-D, 2021 WL 2715966, at *1 (W.D. Okla. July 1, 2021) (unpublished) ("[T]he Court first rejects any contention that a § 2254

4

petition raising a jurisdictional claim is exempt from the exhaustion requirement."); *Draper v. Oklahoma*, No. CIV-19-376-D, 2019 WL 2453671, at *1 (W.D. Okla. June 12, 2019) (unpublished) ("[T]he Court rejects [Petitioner's] position that a § 2254 petition raising a jurisdictional issue is exempt from the exhaustion requirement.").

The Supreme Court's decision in *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), does not alter this analysis. *See Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021) (unpublished) ("Liberally construing his objections, Petitioner contends he did not have to exhaust his state remedies because Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt* . . . .  Petitioner is incorrect and he must exhaust his state court remedies before proceeding in habeas corpus."); *Moncada v. Pettigrew*, No. CIV-20-779-C, 2020 WL 6588728, at *2 (W.D. Okla. Oct. 22, 2020) (unpublished report and recommendation, recommending dismissal where Petitioner's habeas claim relied on *McGirt*, because he did "not provide[] the state courts an opportunity to address his claims"), *adopted by district court*, 2020 WL 6587054 (W.D. Okla. Nov. 10, 2020).   Furthermore, the OCCA's well-established rule under *Matloff v. Wallace* that *McGirt* does not apply retroactively on collateral review also does not excuse Lawton from exhaustion.  *See Phillips v. Crow*, No. CIV-22-99-R, 2022 WL 851774, n.7 (W.D. Okla. Feb. 18, 2022).  Accordingly, Lawton's *McGirt*-based claim raised in his habeas corpus petition is not exempt from the exhaustion requirements in 28 U.S.C. § 2254.

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Because Lawton has not yet presented

his habeas claims to the highest state court, this Court finds his petition must be dismissed for failure to exhaust his state court remedies. *See Dever*, 36 F.3d at 1534.

After careful review, the Court finds Lawton has failed to exhaust his state court remedies, which is a threshold issue in each habeas case. *See Harris*, 15 F.3d at 1554. Therefore, Bridges' motion to dismiss the petition as unexhausted is granted, and the Court declines to address the balance of Bridges' motion concerning the statute of limitations.

The Court further finds Lawton has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

IT IS THEREFORE ORDERED that Bridges' motion to dismiss for failure to exhaust state court remedies [Dkt. No. 7] is GRANTED, the petition is DISMISSED without prejudice, and Lawton is denied a certificate of appealability.

Dated this 7th day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE